IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA CHAVEZ,
on behalf of I.M.C., a minor,

      Plaintiff,

v.                                                                                                                                   CV 20-0729 JHR

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Chavez' Motion to Reverse and Remand for Reinstatement of Benefits, or in the Alternative, for Hearing, with supporting memorandum [Doc. 26], filed May 24, 2021, and fully briefed on September 2, 2021. [Docs. 30 (Response), 31 (Reply)]. Having considered the arguments of the parties, the administrative record ("AR")[1] and existing law, the Court finds that the Commissioner committed reversible legal errors in this case requiring remand and a new assessment of I.M.C.'s asserted entitlement to continued Social Security benefits. Therefore, Chavez' Motion is **granted**.

### I.     PROCEDURAL HISTORY

Chavez filed an application for Supplemental Security Income benefits on behalf of her son, I.M.C. (hereafter "Child") on October 20, 2006, asserting that he was disabled due to "mental retardation [and a] learning disorder." [AR at 105, 232-236]. Child was granted benefits. However, his benefits were discontinued by the Administration on October 30, 2015, due to alleged medical improvement showing that his mental and physical health impairments were severe, but no longer

---

[1] Documents 19-1 through 19-8 comprise the sealed Certified Administrative Record for this case. The Court cites the Record's internal pagination, rather than the CM/ECF document number and page.

sufficiently debilitating to medically meet or functionally equal the listings and therefore no longer qualified as "disabling" as a matter of law. [AR at 105-109].

Chavez filed a request for reconsideration of the cessation of Child's benefits asserting that he continued to be disabled from lung disease, ADHD, sleep apnea, and developmental problems. [AR at 114, 300]. She was afforded a hearing before a disability hearing officer in February 2017 which resulted in an unfavorable decision. [AR at 137, 155]. Chavez requested review by an administrative law judge ("ALJ") on April 4, 2017, and a hearing was held by ALJ Cole Gerstner on March 12, 2019. [AR at 70-103, 154-155]. The result of the hearing was an unfavorable Final Decision dated June 19, 2019, which Chavez appealed to the Appeals Council August 23, 2019 [AR at 9-38, 229-231]. The Appeals Council affirmed the Decision on May 29, 2020, rendering it the Final Decision of the Commissioner for the purposes of this district-court appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court's jurisdiction to review the decision is conferred by 42 U.S.C. § 405(g) and 20 C.F.R. §§ 416.1481, 422.210(a).

## II.     LEGAL STANDARDS FOR DETERMINING IF A CHILD IS "DISABLED"

An individual under the age of eighteen is "disabled" for the purposes of receiving Supplemental Security Income benefits under the Social Security Act if he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[,]" 42 U.S.C. § 1382c(a)(3)(C)(i); and he is not engaged in "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(C)(ii); *see also* 20 C.F.R. § 416.906 (basic definition of disability for children). The Commissioner uses a three-step sequential evaluation process to determine whether a child is disabled. *See* 20 C.F.R. § 416.924(a); *see also Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001).

At step one of this process the ALJ must ensure that the child is not engaged in substantial gainful activity. *Id.* If he is not, the ALJ proceeds to step two, where he examines whether "the child has an impairment or combination of impairments that is severe." *Briggs*, 248 F.3d at 1237. If there are no severe impairments, the child is not disabled. 20 C.F.R. § 416.924(c). If severe impairments are present then the ALJ will proceed to the third step where he determines whether the child's impairment "meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Pt. 404." *Briggs*, 248 F.3d at 1237; 20 C.F.R. § 416.924(d). "In making the third determination … the ALJ must consider whether the impairment, alone or in combination with another impairment, 'medically equals, or functionally equals the listings.'" *Briggs*, 248 F.3d at 1237 (citing 20 C.F.R. § 416.924(a)).

If a child's impairments do not "medically" equal the listings, *see* 20 C.F.R. § 416.926, they may still "functionally" equal them. *See* 20 C.F.R. § 416.926a. To "functionally equal the listings" a child's "impairment(s) must be of listing-level severity, i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain[.]" 20 C.F.R. § 416.926a.[2] "Domains are broad areas of functioning intended to capture all of what a child can or cannot do." SSR 09-1P, 2009 WL 396031 at *1. The six applicable domains of functioning are:

(i) Acquiring and using information;
(ii) Attending and completing tasks;
(iii) Interacting and relating with others;

---

[2] The Administration will determine that a child has a "marked" limitation in a domain when his "impairment(s) interferes seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.925a(e)(2)(i). "'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* The Administration will find that a child has an "extreme" limitation in a domain when his "impairment(s) interferes very seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). "Extreme" limitation also means a limitation that is "more than marked." "Extreme" limitation is the rating the administration gives to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning one would expect to find on standardized testing with scores that are at least three standard deviations below the mean. *Id.*

  (iv) Moving about and manipulating objects;
  (v) Caring for yourself; and,
  (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi). When the Administration considers whether a child has "marked" or "extreme" limitations in any domain, it examines "all the information [it has] in [the child's] case record about how [the child's] functioning is limited because of [his] impairment(s), and [it] [must] compare [the child's] functioning to the typical functioning of children [his] age who do not have impairments." 20 C.F.R. § 416.926a(f)(1).[3]

### III. THE COMMISSIONER'S FINAL DECISION IN THIS CASE

The ALJ determined that the Child's most recent favorable medical decision (his "comparison point decision") established the medically determinable impairments of "Asthma, Developmental Delays, Obstructive Sleep Apnea, Attention Deficit-Hyperactivity Disorder without treatment, and Borderline Intellectual Functioning-arguably low average." [AR at 15]. However, the ALJ determined that medical improvement occurred as of October 30, 2015, and since then the Child's impairments have neither medically met nor functionally equaled the listings. [AR at 15-30]. Therefore, the ALJ issued a decision affirming the discontinuation of Child's supplemental security income benefits.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's decision to determine whether the assigned ALJ applied the correct legal standards and to ensure that factual findings are supported by substantial

---

[3] The Administration relies on the general description of the domains stated in the regulations to help it decide whether a child has limitations in any given domain and whether these limitations are "marked" or "extreme." 20 C.F.R. § 416.926a(f)(2). These domain descriptions include examples of some activities typical of children in various age groups and some functional limitations the Administration may consider. 20 C.F.R. § 416.926a(f)(3). Merely citing the applicable regulations is insufficient; an ALJ must affirmatively analyze the current case against a "typical" child. *See Panas on behalf of M.E.M. v. Commissioner, SSA*, 775 F. App'x 430, 435 (10th Cir. 2019) (citing SSR 09-2p, 2009 WL 396032, at *3; *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1172 (10th Cir. 2012)).

evidence. *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014). "Substantial evidence is more than a scintilla, but less than a preponderance." *Knight*, 756 F.3d at 1175 (quotation omitted). It "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Briggs*, 248 F.3d at 1237 (quotation omitted). The Court must "'meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met.'" *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record[.]" *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted). If a legal error is shown, the Court must reverse even if the agency's findings are otherwise supported by substantial evidence. *See, e.g.*, *Parker v. Com'r, SSA*, 772 Fed. Appx. 613, 617 (10th Cir. 2019) (unpublished).

V.     **APPLICABLE LAW**

Pursuant to 20 C.F.R. § 416.926a(b), the ALJ was required to "look at how appropriately, effectively, and independently [the Child] perform[ed] activities compared to the performance of other children [his] age who do not have impairments." *Id.*; *see also* SSR 09-2p, 2009 WL 396032, at *1 (Feb. 18, 2009); *Panas*, 775 F. App'x at 434. Boilerplate will not do, and the Tenth Circuit believes this precludes merely repeating the traits of non-disabled children contained in the regulations without further analysis. *See id.* at 22-27 ("This boilerplate language is insufficient because the ALJ was required to do more than simply recite the factors he was supposed to consider….") (citing *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)). As the court said in *Panas*: "the 'critical element' in the ALJ's evaluation in each domain 'is how appropriately, effectively, and independently the child performs age-appropriate activities.'" *Id.* at 436-437.

Importantly, "the ALJ should link his findings closely with the evidence and avoid making conclusions in the guise of findings." *Id.* at 437 (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1172 (10th Cir. 2012)).

The Child's testimony is relevant to the Commissioner's assessment of the domains. If the child is unable to adequately describe his symptoms, the ALJ must accept the testimony of the person most familiar with the child's condition, often a parent. *See Briggs*, 248 F.3d at 1239 (citing 20 C.F.R. § 416.928(a));[4] *Knight*, 756 F.3d at 1176; *see also Panas*, 775 F. App'x at 439. "In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying." *Briggs*, 248 F.3d at 1239 (citation omitted). "[F]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Panas*, 775 F. App'x at 439. A reviewing Court must not be "left to guess what evidence, if any, belies [a parent's] testimony." *Id.* at 439–40. And a parent's opinion may not be discounted simply because it comes from a lay source. *Panas*, 775 F. App'x at 440 (citing 20 C.F.R. § 416.926a(b)(3)).

## VI.  ISSUES

1. Does substantial evidence support the ALJ's assessment of the Child's functioning under the applicable domains?

2. Did the ALJ commit reversible legal error by failing to compare the Child's functioning with that of children without impairments?

---

[4] This section has since been rescinded. However, it provided: "If you are a child under age 18 and are unable to adequately describe your symptom(s), we will accept as a statement of this symptom(s) the description given by the person who is most familiar with you, such as a parent, other relative, or guardian. Your statements (or those of another person) alone, however, are not enough to establish that there is a physical or mental impairment." 20 C.F.R. § 416.928(a).

  3. Did the ALJ commit reversible legal error by failing to assess Chavez' credibility as the most knowledgeable source of the Child's condition(s)?

## VII.   ANALYSIS

Because the Court concludes that the ALJ erred as a matter of law by failing to compare the Child to other children without limitations and by omitting analysis of Chavez' opinion of the Child's limitations, I will not address her other claim of error "because [it] may be affected by the ALJ's treatment of this case on remand." *See Ayze v. Kijakazi*, 2021 WL 4756999, at *3 (D.N.M. Sept. 10, 2021), *report and recommendation adopted*, 2021 WL 4472883 (D.N.M. Sept. 30, 2021) (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003)).

### A. The ALJ committed reversible legal error by failing to compare the Child to other children with no limitations.

The regulations required the ALJ to compare the Child's functioning to the performance of other children his age who do not have impairments. *Panas*, 775 F. App'x at 434. As noted, reference to boilerplate statements in the regulations will not do without further analysis. *See id.*

Here, the ALJ mentioned that the Child needed intervention for math and reading, received extra help and needed redirection in school. [AR at 17-18]. However, the ALJ did not discuss Chavez' testimony or the fact that the Child's reading level lagged behind his peers even with significant accommodations. Finding the need for intervention without acknowledging evidence in the record that available interventions will not materially alleviate the limitation is an incomplete analysis. The ALJ was required to actually compare this relevant evidence against the regulatory language, and the Commissioner's attempts to defend the ALJ's decision are unpersuasive in light of the Tenth Circuit's decision in *Panas* holding that merely restating the contents of the domains is insufficient to meet the Administration's burden. [*See* Doc. 30, p. 10].

The ALJ erred as a matter of law by failing to compare the Child to other children without limitations. This error harmed the Child because comparison to children without limitations may have further illustrated the extent of his disabling limitations. Therefore, remand is required.

**B. The ALJ committed reversible legal error by failing to analyze the consistency of Chavez' opinions against the record when discounting them.**

The ALJ erred for a second reason. If the child is unable to adequately describe his symptoms, the ALJ must accept the testimony of the person most familiar with the child's condition. *Briggs*, 248 F.3d at 1239; *Knight*, 756 F.3d at 1176; *Panas*, 775 F. App'x at 439. If the ALJ rejects such testimony he must explain his findings by linking them closely and affirmatively to substantial evidence; conclusions "in the guise of findings" will not do. *Panas*, 775 F. App'x at 439.

Here, the person most familiar with the child's location, Chavez, complains that the ALJ did not assess her written evidence. [Doc. 26, p. 29]. The Commissioner disagrees, arguing that the ALJ "summarized" Chavez' testimony at some length and then found it to be unpersuasive to the extent that it was inconsistent with his finding of nondisability. [Doc. 30, pp. 10-11]. However, the ALJ did not actually analyze which of Chavez' statements were inconsistent with his conclusions, nor explain why he found them to be so. [AR at 17-30]. Instead, the ALJ summarized Chavez' statements, presented boilerplate statements of law, and then stated that he did not find her statements persuasive without actually explaining what record evidence was inconsistent with her testimony. This is clear legal error. *See Panas*, 775 F. App'x at 439.

The ALJ erred as a matter of law by failing to affirmatively discuss why Chavez' statements concerning the Child's disabling conditions were not entitled to consideration. This error harmed the Child because if the statements were accepted the ALJ would have found him to be disabled. Therefore, remand is required.

## VIII. CONCLUSION AND ORDER

Chavez has demonstrated two legal errors in the final written decision of the Commissioner of Social Security in her son's case. WHEREFORE, the Court **grants** Chavez' Motion to Reverse and Remand [Doc. 26] and remands this matter for further proceedings consistent with this decision. The Court will **not** award benefits at this time.[5] A Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure will be entered concurrently herewith.

**SO ORDERED.**

                                            **JERRY H. RITTER**
                                            U. S. MAGISTRATE JUDGE
                                            *Presiding by Consent*

---

[5] Whether to award benefits upon remand is a matter of court discretion. *Herrera v. Saul*, 2020 WL 6875942, at *5 (D.N.M. Sept. 10, 2020), *report and recommendation adopted*, 2020 WL 5810441 (D.N.M. Sept. 30, 2020) (citing *Winick v. Colvin*, 674 F. App'x 816, 822 (10th Cir. 2017) (unpublished); *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006)). In exercising this discretion, the Court considers factors such as "the length of time the matter has been pending and whether [] given the available evidence, remand for additional fact-finding would [not] serve any useful purpose but would merely delay the receipt of benefits." *Id.* (alterations supplied and internal quotation marks omitted). While the Court sympathizes with Chavez' position, further fact-finding and the proper legal analysis would serve a useful purpose (and could ostensibly result in a supported denial of benefits) in this case. Therefore, the Court will not award benefits but will instead remand the case for further analysis by the Administration. In so concluding the Court notes that the Tenth Circuit has denied an immediate award of benefits in a case "pending nearly ten years" which "required numerous remands for further agency decision-making" because "an eventual award of benefits [was] not foreordained on" the record before it. *See Winick*, 674 F. App'x at 822. The Court does not pretend to know what result will be reached on remand, but simply recognizes that reversible legal errors have occurred here.